UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-62-TLS |
| | ) | |
| JOSHUA R. MACKIN | ) | |

**OPINION AND ORDER**

The Defendant, Joshua R. Mackin, is charged with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He has filed a Motion to Suppress Tangible Evidence and Statements [ECF No. 107], arguing for the suppression of items police seized from him during an arrest, and statements he made to police during or after his arrest. In response [ECF No. 110], the Government asserts that the police had probable cause to arrest the Defendant and to conduct a search of his person incident to his arrest. The Government, pointing to the existence of an arrest warrant and to case law permitting searches incident to arrest, maintains that no evidentiary hearing is necessary to resolve the Motion in its favor. Likewise, the Government submits that no evidentiary hearing is necessary regarding the admissibility of any statements the Defendant made to arresting officers, as they were not tainted by an unlawful search. Moreover, in addition to the fact that voluntary statements are not subject to *Miranda* warnings, the Government maintains that it does not intend to introduce any such statements unless they become necessary for impeachment. The Defendant has not responded to the Government's assertions.

Evidentiary hearings to resolve motions to suppress are not automatically required. *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007). Rather, a court need only conduct a hearing "'when the allegations and moving papers are sufficiently definite, specific,

non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.'" *Id.* (quoting *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004)). The Seventh Circuit has "emphasized the necessity of materiality in any factual disputes that are presented to the district court as a predicate for an evidentiary hearing." *Id.* The burden is on the defendant who is seeking an evidentiary hearing to specifically allege a definite, material, factual issue that is in dispute. *Id.*

Here, the Defendant has not met that burden. In his brief presentation of the background facts, the Defendant notes the address where police officers encountered the Defendant on August 2, 2013. He describes how, after he walked out of the residence, he was immediately seized and searched. The police recovered a handgun and ammunition. In the argument section of his Motion, the Defendant submits that a seizure of a citizen and subsequent search require "reasonable suspicion of criminal activity." (Def.'s Motion 2, ECF No. 107) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). The Defendant maintains that he had a "reasonable expectation of privacy when he left the home" and was immediately seized. (*Id.*)

The Defendant's argument wholly ignores the existence of a valid arrest warrant. Attached to the Government's Response in Opposition is a copy of the warrant for the Defendant's arrest, which directed the Sheriff of Allen County and any Law Enforcement Agency to arrest Joshua Mackin and hold him without bail. The warrant had no expiration date, and indicates that it was served on August 3, 2013. The Defendant makes no challenge to the arrest warrant, which is critical because police have probable cause to arrest an individual if there is a valid arrest warrant outstanding on that person. *United States v. Johnson*, 383 F.3d 538,

545 (7th Cir. 2004); *United States v. Marshall*, 70 F.3d 68, 69 (7th Cir. 1996) ("The felony arrest warrant gave the police a basis for arresting [the individual named in the warrant]."). A warrant is proof that a neutral judicial officer has already reviewed the facts and made a determination that probable cause exists to arrest. *See Steagald v. United States*, 451 U.S. 204, 212 (1981).

Additionally, "police are entitled to search the persons and possessions of everyone arrested on probable cause, with or without any reason to suspect that the person is armed or carrying contraband." *United States v. Jackson*, 377 F.3d 715, 716 (7th Cir. 2004) (citing *Gustafson v. Florida*, 414 U.S. 260 (1973), and *United States v. Robinson*, 414 U.S. 218 (1973)). "Where there is a lawful custodial arrest, a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a reasonable search under that Amendment." *United States v. Thomas*, 512 F.3d 383, 387 (7th Cir. 2008).

Because the Defendant has not identified any factual issues that are in dispute and would affect the outcome of his Motion, the Court declines to conduct an evidentiary hearing. Because the undisputed facts are that the Defendant was arrested pursuant to a valid arrest warrant, and then searched incident to that arrest, his request to suppress tangible items is denied.

As to the request to suppress any statements the Defendant made to the police, the Motion appears to be moot, as the Defendant relies solely on a fruit-of-the-poisonous-tree argument. *See, e.g., United States v. Jones*, 214 F.3d 836, 838–39 (7th Cir. 2000) (holding that because the defendant was in lawful custody, no Fourth Amendment violation could have caused his confession and it was admissible). Because the Defendant's arrest and the search incident thereto did not violate the Fourth Amendment, there is no basis to argue that any statements he

made were tainted by such a violation.[1]

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Suppress Tangible Evidence and Statements [ECF No. 107]. The Jury Trial set for May 17, 2016, and the Final Pretrial Conference set for May 2, 2016, at 11:00 AM, are CONFIRMED.

SO ORDERED on January 14, 2016.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT

---

[1] Even though volunteered statements are not barred by the Fifth Amendment, *Miranda v. Arizona*, 384 U.S. 436, 478 (1966), the Government indicates that it does not intend to introduce any statements the Defendant volunteered to officers on August 2, 2013. However, if the Defendant elects to take the stand and then contradicts statements he made to officers following his arrest, the Government reserves the right to use any of his post-arrest statements for impeachment purposes. *See Harris v. New York*, 401 U.S. 222, 226 (1971) ("The shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.").