# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-62-TLS |
| | ) | |
| JOSHUA R. MACKIN | ) | |

## OPINION AND ORDER

The Defendant, Joshua R. Mackin, is charged with being a felon in possession of a firearm. According to the Government, the weapon was discovered on the Plaintiff's person when he was searched incident to a lawful arrest upon execution of an arrest warrant.

A suppression hearing is scheduled for April 18, 2016, upon the Defendant's claim that there is a factual issue as to identity. He maintains that, despite the arrest warrant, there was no basis to arrest him because "he was simply 'an individual' who left a residence . . . without previously being identified as the individual in the arrest warrant." (Mot. ¶ 4, ECF No. 112.) This matter is before the Court on the Government's Motions to Quash Subpoenas Duces Tecum [ECF Nos. 116 & 117], that counsel for the Defendant issued to the Fort Wayne Police Department and the Chief of the Fort Wayne Police Department. The subponea issued to the Chief requests that he appear to testify at the motion to suppress hearing, and that he bring certain documents with him. The other subpoena commands that a keeper of records for the Fort Wayne Police Department appear at the Defendant's trial to testify, and also lists documents that the person is to bring.

The Government maintains that the documents are already available through discovery, and a subpoena duces tecum is therefore not an appropriate means to obtain the materials. In response, the Defendant states that this is not a discovery issue, but a proper request for a

testifying witness to have materials available to be able to respond to questioning during the evidentiary hearing or trial.

**A.     Standard**

Federal Rule of Criminal Procedure 17(c) governs the issuance of subpoenas in federal criminal proceedings. It provides as follows:

> **(a) Content.** A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena—signed and sealed—to the party requesting it, and that party must fill in the blanks before the subpoena is served.
>
> ....
>
> **(c) Producing Documents and Objects.**
> **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
>
> **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17.

The Supreme Court has identified "certain fundamental characteristics of the subpoena *duces tecum* in criminal cases: (1) it was not intended to provide a means of discovery for criminal cases; (2) its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698–99 (1974) (internal citation omitted). The Supreme Court then identified a four-part test to guide trial courts in the issuance of subpoenas in criminal cases pursuant to Rule 17(c). For production prior to trial, the moving party must demonstrate: "(1) that the documents are

evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended to as a general 'fishing expedition.'" *Id.* at 699–700; *see also United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (Rule 17(c) "allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial.").

**B.     Analysis**

As an initial matter, the Court notes that the subpoenas—copies of which are attached to the Government's Motion to Quash—are not in compliance with subdivision (a) of Rule 17 of the Federal Rules of Criminal Procedure. They were not obtained from the federal court clerk, and do not contain the seal of the United States District Court or the proper signature. Nor is there any place to indicate that they have been properly served on the third party. Accordingly, the Court is not aware of any properly executed subpoenas for it to consider quashing.

If the Court were to look past Rule 17(a)'s procedures to the substance of the subpoenas, it would agree with the Defendant. The subpoenas were not an attempt to obtain discovery or inspect materials in advance of the hearing or trial, but to have testifying witnesses bring certain documents with them to aid in examination. This is permissible under Rule 17(c), and the Government has not advanced any argument that compliance would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2) (providing grounds for modifying or quashing a

3

subpoena).

## **CONCLUSION**

For the reasons stated above, the Court DENIES AS MOOT the Government's Motion to Quash Subpoena Duces Tecum [ECF No. 116], and the Government's Second Motion to Quash Subpoena Duces Tecum [ECF No. 117].

SO ORDERED on March 16, 2016.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT