**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-62-TLS |
| | ) | |
| JOSHUA R. MACKIN | ) | |

**OPINION AND ORDER**

The Defendant, Joshua R. Mackin, is charged with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). The charges stems from a search incident to an arrest. Although police had an arrest warrant for the Defendant, and were acting on that warrant when they arrested him, he maintains that the seizure was unlawful because they did not obtain a second warrant to search the residence of the third party where he was located. The Defendant bases his Motion to Suppress Entry Onto Real Estate of Third Person to Serve an Arrest Warrant [ECF No. 145], on the Supreme Court's decision in *Steagald v. United States*, 451 U.S. 204 (1981). For the reasons stated in this Opinion and Order, the Court finds the Defendant's reliance on *Steagald* is misplaced, and denies the Motion without an evidentiary hearing.

**BACKGROUND**

The pertinent facts leading up to the Defendant's arrest were developed during an evidentiary hearing conducted on August 4, 2016. No other facts are necessary to resolve the issue presented in the Defendant's Motion.

On July 12, 2013, a warrant was issued for the Defendant's arrest. On August 2, 2014, Officer Treven Brown of the Fort Wayne Police Department responded to a dispatch pertaining to this warrant. Dispatch advised that the Defendant was at a specific address on DeWald Street

in Fort Wayne, Indiana. The information about the Defendant's location at the DeWald Street

residence had been provided by an individual who provided his or her name, and described a

silver SUV associated with the Defendant. Officer Brown, using the computer in his squad car to

check the Spillman database, confirmed that the Defendant had an active warrant for his arrest

and also viewed a full screen color photograph of the Defendant, along with a description of his

stature and other identifying information.

When Officer Brown arrived at the DeWalt Street residence, he saw a silver SUV parked

in front of the home with three female passengers inside. The front passenger door had been left

open, extended toward the front of the home. Officer Brown parked two to three houses away

from the rear of the residence and waited for an additional officer to arrive. Officer Alexander

Ramon arrived at the residence around 7:50 p.m. Officer Brown was outside his vehicle and saw

Officer Ramon arrive. Officer Brown used radio to communicate his location to Officer Ramon.

Officer Ramon parked his squad car in front of the house, walked across the street, and

approached the front door. Within moments, a man quickly exited the rear of the home leaving

the back door open and repeatedly turning to look back at the door as he ran toward Officer

Brown's location. Officer Brown recognized the individual as the Defendant, the person who was

the subject of the arrest warrant. Officer Brown identified himself and ordered the Defendant to

stop. The Defendant was then arrested, and his person searched incident to that arrest. The

officers found a handgun in the Defendant's right pants pocket

## ANALYSIS

The Defendant argues that his seizure, and thus the subsequent search, were in violation

of the Fourth Amendment because the police did not obtain a search warrant to enter the property

of a third person before executing the arrest warrant. The Defendant argues that the Supreme

Court's decision in *Steagald* required the second warrant. In *Steagald*, the Court indeed held that

an arrest warrant does not adequately protect the right of a third party to be free from an

unreasonable search of his home. 451 U.S. at 216.

> A contrary conclusion—that the police, acting alone and in the absence of exigent
> circumstances, may decide when there is sufficient justification for searching the
> home of a third party for the subject of an arrest warrant—would create a
> significant potential for abuse. Armed solely with an arrest warrant for a single
> person, the police could search all the homes of that individual's friends and
> acquaintances.

*Id.* at 214. However, because the "the narrow issue before [the Court was] whether an arrest

warrant—as opposed to a search warrant—[was] adequate to protect the Fourth Amendment

interests of *persons not named in the warrant*, when their homes are searched" *id.* at 212

(emphasis added), the case does not help the Defendant. Under *Steagald's* holding, if officers

enter a third party's residence to effect an arrest, "the third party herself may have a Fourth

Amendment claim against the officers." *United States v. Jackson*, 576 F.3d 465, 468 (7th Cir.

2009); s*ee also United States v. Agnew*, 407 F.3d 193, 19 (3d Cir. 2005) ("*Steagald* protected the

interests of the third-party owner of the residence, not the suspect himself."); *United States v.

Kaylor*, 877 F.2d 658, 663 n.5 (8th Cir. 1989) ("*Steagald* addressed only the right of a third party

not named in the arrest warrant to the privacy of his or her home. This right is personal to the

homeowner and cannot be asserted vicariously by the person named in the arrest warrant.").

"A defendant cannot assert a privacy interest on behalf of someone else." *United States v.

Mendoza*, 438 F.3d 792, 795 (7th Cir. 2006). "[D]efendants charged with crimes of possession

may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated." *United States v. Salvucci*, 448 U.S. 83, 85 (1980).

Additionally, it bears noting the police did not actually enter the residence. The Defendant argues that the prohibition includes the curtilage of the home, but does not provide any analysis to suggest that the facts of this case would reveal that the curtilage had been invaded. Even if the police entered such an area of protected privacy, it was not the Defendant's privacy interest that was at stake. The Defendant is not in the category of persons who are protected by the holding in *Steagald*.[1] The Defendant's Motion does not present a substantial claim for which disputed issues of material would impact the outcome. Accordingly, no evidentiary hearing is necessary for resolution of the Defendant's Motion.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Suppress Entry Onto Real Estate of Third Person to Serve an Arrest Warrant [ECF No. 145].

SO ORDERED on November 14, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] The Government advanced the Defendant's lack of standing as a basis to deny his claim without an evidentiary hearing. In his Response, the Defendant remained silent on this decisive issue, and instead asserted that he was previously denied the opportunity to develop facts related to whether a search warrant was required.