# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-62-TLS |
| | ) | |
| JOSHUA R. MACKIN | ) | |

## OPINION AND ORDER

The Defendant, Joshua R. Mackin, is charged with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Officers arrested the Defendant pursuant to an arrest warrant, and the charge stems from a search incident to that arrest. This matter is before the Court on the Defendant's Motion to Suppress Evidence [ECF No. 158], filed on February 3, 2017, which is the Defendant's third motion to suppress. The Defendant "moves the Court to suppress all property seized from the defendant by arresting offices [sic], all observations made by the arresting officers and all statements made by the Defendant." (Mot. 1.)

The Defendant's only articulated ground for the request is that officers did not have a search warrant to enter the residence where he was arrested upon exiting the back door. The Defendant has not explained how his current Motion differs from the one he filed on September 12, 2016, and the Court cannot discern a difference. In the September motion, the Defendant moved for the suppression of evidence officers obtained when they entered upon the real estate without a search warrant. Relying on the Supreme Court's decision in *Steagald v. United States*, 451 U.S. 204 (1981), the Defendant argued that a "[search] warrant is required before entering onto the real estate of a third person in order to arrest an individual who is the subject of [an arrest] warrant." (Mot. 2, ECF No. 145]. That motion was the Defendant's second motion to suppress, his first being limited to the issue of whether officers had sufficient confirmation of his

identity prior to seizing him while executing the arrest warrant.[1]

On November 14, 2016, the Court issued an Opinion and Order [ECF NO. 153] denying the Defendant's second motion without a hearing because, under *Steagald's* holding, if officers entered a third party's residence to effect an arrest, "the third party herself may have a Fourth Amendment claim against the officers." *United States v. Jackson*, 576 F.3d 465, 468 (7th Cir. 2009); s*ee also United States v. Agnew*, 407 F.3d 193, 19 (3d Cir. 2005) ("*Steagald* protected the interests of the third-party owner of the residence, not the suspect himself."); *United States v. Kaylor*, 877 F.2d 658, 663 n.5 (8th Cir. 1989) ("*Steagald* addressed only the right of a third party not named in the arrest warrant to the privacy of his or her home. This right is personal to the homeowner and cannot be asserted vicariously by the person named in the arrest warrant."). Because the Defendant is not in the category of persons who are protected by the holding in *Steagald*, his motion did not present a substantial claim for which disputed issues of material fact would impact the outcome. Accordingly, the Court determined that no evidentiary hearing was necessary for resolution of the Defendant's motion.

The Court also issued a separate Opinion and Order [ECF No. 152] addressing the Defendant's claim that his seizure violated the Fourth Amendment because "the Government did not prove that the police could identify the individual coming out the back door of the home and that it turned out being Joshua Mackin after the seizure is not sufficient to justify the seizure." (Br. in Supp. 5, ECF No. 146.) The Court concluded that the arrest was proper under the Fourth

---

[1] The Defendant attempted to challenge the officers' failure to obtain a search warrant during the evidentiary hearing scheduled for the first motion to suppress. However, the Court limited the evidentiary hearing to the issue that was specifically set forth in submissions related to the first motion—that of the Defendant's identity—and invited the Defendant to file a separate motion challenging the lack of a search warrant.

Amendment and, so too, was the search incident to the arrest.

The purpose of an evidentiary hearing on a motion to suppress is to resolve material factual disputes between the parties. *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004) (holding that a hearing is not required in the absence of factual disputes). Material facts are those that would make a difference in the outcome of the motion. *Id.* The Defendant's most recent Motion presents no new facts or issues, and no reason for the Court to revisit its previous Opinion and Order. In fact, the Defendant appears to have overlooked the portion of the docket where the issue he presents was decided. He asks the Government to withdraw its objection to his Motion, citing the fact that his previous evidentiary hearing was limited to the identity issue. In doing so, the Defendant gives no recognition to the Court's separate finding—related to his separate motion—that he is not entitled to an evidentiary hearing related to his claim that the officers needed to obtain a search warrant before arresting him.

In an attempt to consider all possible avenues the Defendant may be advancing, the Court notes that the Defendant cited *Winthrow v. Williams*, 507 U.S. 680, 688–89 (1993), for the proposition that "[a] Motion to Suppress Evidence should be heard as it relates to constitutional issues by separate hearing rather than through an objection being made during a jury trial, for judicial economy and to avoid such lengthy hearing or arguments being held outside the presence of the jury." (Resp. 2, ECF No. 160.) The Defendant has not developed a coherent argument with respect to this case, and it is "[t]he parties—not the courts—[that] must research and construct available legal arguments." *United States v. Collins*, 796 F.3d 829, 836 (7th Cir. 2015) (first citing *Pine Top Receivables of Ill., LLC v. Banco de Seguros del Estado*, 771 F.3d 980, 987 (7th Cir. 2014), then quoting *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003)).

The *Winthrow* case citation does not support the asserted proposition, but refers to the standard for determining the voluntariness of a confession. And although the Defendant also cites generally to both the Fourth and Fifth Amendments elsewhere in his Motion, he does not further identify the basis for an independent Fifth Amendment challenge. Rather, he ties the Government's ability to use of his statements back to the alleged Fourth Amendment violation, arguing that any statements he made cannot be used "since the officers had no search warrant to enter the premises." (Mot. 1.) As should be clear by now, the Court does not believe that the search warrant issue necessitates an evidentiary hearing: the issue was presented in the September 12, 2016, Motion [ECF No. 145]; and decided against the Defendant in the Court's November 14, 2016, Opinion and Order [ECF No. 153].

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Suppress Evidence [ECF No. 158]. The telephonic final pretrial conference is CONFIRMED for April 17, 2017, at 11:00 AM, and the jury trial is CONFIRMED to begin on Tuesday, May 2, 2017, at 9:00 AM before Judge Theresa L. Springmann.

SO ORDERED on February 23, 2017.

                                              s/ Theresa L. Springmann
                                             CHIEF JUDGE THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT