**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-62-TLS |
| | ) | |
| JOSHUA R. MACKIN | ) | |

**OPINION AND ORDER**

The Defendant, Joshua R. Mackin, is charged with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Officers arrested the Defendant pursuant to an arrest warrant, and the charge stems from a search incident to that arrest. This matter is before the Court on the Defendant's fourth Motion to Suppress Evidence [ECF No. 168], filed on April 17, 2017. Pursuant to the same grounds for relief that the Defendant sought in his third Motion to Suppress [ECF No. 158], the Defendant "moves the Court to suppress all property seized from the [D]efendant by arresting offices [sic], all observations made by the arresting officers and all statements made by the Defendant," and requests a hearing. (fourth Mot. 1, ECF No. 168.)[1] The Defendant's Prayer for Relief in this fourth Motion is identical to that of the Defendant's third Motion. Additionally, the Defendant's Memorandum of Law in Support of the Defendant's fourth Motion to Suppress, appended to the fourth Motion, is identical to that of the Memorandum of Law in Support of the Defendant's third Motion.

Although the particular phrases used in the Defendant's fourth Motion detailing the factual issues vary from his prior motions, the Defendant does not introduce any new facts or issues. Accordingly, the Defendant's ultimate grounds for relief have already been previously heard and considered by this Court. The Defendant argues as grounds for relief the following: (1) the officers

---

[1] For reference throughout this Order, the Court will refer to the Defendant's Motions as his First Motion [ECF No. 107], Second Motion [ECF No. 145], Third Motion [ECF No. 158], and Fourth Motion [ECF No. 168], though the Defendant has not titled his Motions in this manner.

did not have a search warrant to enter the residence where the Defendant was arrested upon exiting the back door, thus, any items seized and statements made by the Defendant incident to the arrest are inadmissible; and (2) the dispatch did not contain reliable, credible, or sufficient information to identify the Defendant at the address where he was ultimately apprehended. The Defendant has not explained how this current fourth Motion differs from the third Motion he filed on February 3, 2017, the second Motion [ECF No. 145] he filed on September 12, 2016, and the first Motion [ECF No. 107] he filed on November 24, 2015, and the Court cannot discern a difference. Moreover, the Defendant has not explained why his request for a hearing in this matter would cover evidentiary matters other than those covered in his previous briefing and/or the evidentiary hearing held on August 4, 2016. Accordingly, the Court denies the Defendant's Motion to Suppress Evidence and request for a hearing.

## LEGAL STANDARD

The purpose of an evidentiary hearing on a motion to suppress is to resolve material factual disputes between the parties. *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004) (holding that a hearing is not required in the absence of factual disputes). Material facts are those that would make a difference in the outcome of the motion. *Id.* The Defendant's most recent fourth Motion presents no new facts or issues, therefore, there is no reason for the Court to revisit its previous decisions.

## ANALYSIS

**A.     Search Warrant**

In both the Defendant's second and third Motions, the Defendant moved for the suppression of evidence that the officers obtained when they entered upon the real estate where the Defendant was arrested without a search warrant. The Defendant is yet again seeking the same relief in the

form of suppression of items seized and statements made, and once more argues that the officers were required to have a search warrant.

In his second Motion, the Defendant relied on the Supreme Court's decision in *Steagald v. United States*, 451 U.S. 204 (1981), to argue that a "[search] warrant is required before entering onto the real estate of a third person in order to arrest an individual who is the subject of [an arrest] warrant." (second Mot. 2, ECF No. 145.) On November 14, 2016, this Court issued an Opinion and Order [ECF No. 153] denying the Defendant's second Motion without a hearing because "*Steagald* protected the interests of the third-party owner of the residence, not the suspect himself." *United States v. Jackson*, 576 F.3d 465, 468 (7th Cir. 2009); s*ee also United States v. Agnew*, 407 F.3d 193, 19 (3d Cir. 2005); *United States v. Kaylor*, 877 F.2d 658, 663 n.5 (8th Cir. 1989) ("*Steagald* addressed only the right of a third party not named in the arrest warrant to the privacy of his or her home. This right is personal to the homeowner and cannot be asserted vicariously by the person named in the arrest warrant."). Because the Defendant is not in the category of persons who are protected by the holding in *Steagald*, his second Motion "did not present a substantial claim for which disputed issues of material fact would impact the outcome." (Nov. 14, 2016, Order 2, ECF No. 153.) Accordingly, the Court determined that no evidentiary hearing was necessary for resolution of the Defendant's Motion.

The Defendant again attempted to raise the same issue, arguing in his third Motion (as he does in this current fourth Motion) that the Court's August 4, 2016, Evidentiary Hearing was restricted to the issue of the Defendant's identity and thus, the issue regarding the alleged necessity for officers to have obtained a search warrant was undecided. On February 23, 2017, this Court issued an Opinion and Order [ECF No. 161] in which the Court held that the Defendant has "overlooked the portion of the docket where the issue he presents was decided" and, "[a]s should be clear by now, the Court does not believe that the search warrant issue necessitates an evidentiary

3

hearing: the issue was presented in the September 12, 2016, Motion; and decided against the Defendant in the Court's November 14, 2016, Opinion and Order." (Feb. 23, 2017, Order 3, 4 (brackets omitted), ECF No. 161.)

With this pending fourth Motion, the Defendant is yet again asking the Court to revisit both its Orders of November 14, 2016, and February 23, 2017, without providing any additional facts, evidence, or legal basis that would necessitate such a reversal from this Court. In fact, the Defendant continues to cite to *Steagald* and *Winthrow v. Williams*, 507 U.S. 680 (1993) (*see* fourth Mot. 8; Def.'s Resp. in Supp. of fourth Mot. to Suppress ¶¶ 26, 32, ECF No. 184), which this Court has held in its prior Orders as inapplicable in this case. The Court declines to revisit those Orders and the Court's reasoning therein. The warrant issue has already been decided on multiple occasions by this Court, and this Court has repeatedly held that a hearing on this issue is not necessary.

**B.     The Defendant's Identity**

The Defendant argues that the officers did not have sufficient confirmation of his identify prior to seizing him when executing the arrest warrant. However, the pertinent facts concerning the Defendant's identity were already developed during the Evidentiary Hearing conducted on August 4, 2016, and no other facts are necessary to resolve the issues that are presented in the Defendant's current fourth Motion.

The Evidentiary Hearing concerned the Defendant's first Motion, filed on November 24, 2015. At the start of the hearing, the Court clarified that the hearing was limited to the issue that was specifically set forth in the Defendant's first Motion—that of the Defendant's identity. (Tr. of Mot. to Suppress Evid. Hr'g 29:14–32:32, ECF No. 150.) The Defendant therefore had an opportunity to orally present his argument and cross-examine witnesses concerning the issue of the Defendant's identity. In fact, on numerous occasions throughout the hearing, the Defendant objected and argued that the dispatch call and officer's records failed to contain the requisite

information identifying the Defendant at the location where he was arrested. (*Id.* at 41:3–43:9; 43:18–23; 45:11–46:7; 47:1–11; 50:5–51:12; 63:2–65:24; 68:3–69:4.) On another occasion, the Defendant conducted a voir dire of Officer Brown regarding the information available to him prior to arresting the Defendant. (*Id.* at 55:19–21; 56:2–63:2.) For each of the objections, the Court overruled the Defendant (*id.* at 43:10–13; 43:24; 46:8–9; 47:12–13; 51:14–22; 65:25; 69:5), explaining to defense counsel that he would have the opportunity to explore these issues on cross-examination (*see, e.g.*, *id.* at 46:8–9 ("There are matters that [defense counsel] can inquire upon in cross examination . . . ."); 52:23–35 ("That is an item you can inquire on [] cross examination.").) Defense counsel did so. (*See id.* at 80:17–97:5.) The Defendant was thus accorded a full opportunity in which to argue the identity issue. (*see, e.g.*, 42:20–24 (Defense counsel argues, "[T]here's insufficient content to support a basis to go to 723West DeWald concerning this arrest warrant. That's the whole point that there is insufficient content within that dispatch to justify him going to that location.").)

Following the hearing and consideration of the parties' briefing and oral arguments, the Court issued an Opinion and Order [ECF No. 152] on November 14, 2016, addressing the Defendant's claim that his seizure violated the Fourth Amendment because "the Government did not prove that the police could identify the individual coming out the back door of the home and that it turned out being Joshua Mackin after the seizure is not sufficient to justify the seizure." (Br. in Supp. of Def.'s first Mot. to Suppress 5, ECF No. 146.) The Court concluded that there was no identity issue because the "arrest was proper under the Fourth Amendment and, so too, was the search incident to the arrest," explaining:

> The arrest warrant gave the police a basis for arresting the Defendant, Joshua Mackin. That is what they did. Even in situations where the police execute an arrest warrant on the *wrong* person, there is no violation of the Fourth Amendment if they acted reasonably under the circumstances. *See Hill v. California*, 401 U.S. 797 (1971). "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." *Id.* at 804. "Often, there will have been more than an officer could have done to confirm a suspect's

5

> identity. This will not render an arrest unconstitutional so long as the officer's actions were reasonable under the circumstances." *Catlin v. City of Wheaton*, 574 F.3d 361, 366 (7th Cir. 2009) (involving arrest of the wrong person).
>
> Thus, even if the Court looked beyond the fact that the warrant provided Officer Brown with probable cause to arrest the Defendant, the circumstances show that Officer Brown acted reasonably under the circumstances in thinking that the Defendant was the same person who was named in the arrest warrant, and proceeding to arrest him.

(Nov. 16, 2016, Order 3, 5–6, ECF No. 152.)

Nevertheless, the Defendant argued the same identity issue in his third Motion to Suppress. The Court again affirmed its earlier holding in its February 23, 2017, Order.

Once again, in his current fourth Motion to Suppress, the Defendant argues that the dispatch "failed to contain reliable, credible, or sufficient identifying information" to establish that the Defendant was at the location where he was apprehended. (fourth Mot. 1.) Yet again, the Court declines to revisit its earlier Orders. Not only has there already been a hearing on this point, but the Defendant raised this exact issue via objections in front of the Court, and the Court ruled on the Record multiple times. The Defendant also had an opportunity to cross-examine on this point. Finally, the Court has issued two separate Orders holding that the Defendant did not demonstrate that the identity issue presents a Fourth Amendment violation. As the Defendant has not raised any new arguments, cited to new case law, or otherwise changed his argument, the Court denies the Defendant's fourth Motion to Suppress and request for a hearing.

It should also be noted that the Defendant raises the issue of identity as a basis for his argument that the officers should have gone to a magistrate and obtained a separate search warrant to enter the property of a third person. (*see* Tr. of Mot. to Suppress Evid. Hr'g 31:7; fourth Mot. 1; Def.'s Resp. in Supp. of fourth Mot. to Suppress ¶ 14, 17.) As this Court has already ruled that the search warrant issue does not necessitate an evidentiary hearing, so too is this the case for the issue regarding identity. Therefore, the identity issue presents no issue of relevant factual dispute

6

necessitating another evidentiary hearing, especially since one has already been completed on this very point.

**C.     Other Issues**

In his fourth Motion, the Defendant also cites one time to the Sixth Amendment, and generally to the Fifth Amendment, arguing that the Defendant's statements should be suppressed "as no Miranda Warnings were given to the defendant prior to any statements which are alleged to have been made by him at the time of the custodial arrest or thereafter until several hours later when he was at the police station." (fourth Mot. 2.) The Defendant does not further identify the basis for an independent Fifth or Sixth Amendment challenge; rather, he ties the Government's ability to use his statements back to the alleged Fourth Amendment violation. (*See id.*; *see also* Def.'s Resp. in Supp. of fourth Mot. to Suppress ¶ 30.)[2] This Court has repeatedly held that the Defendant's arguments concerning a Fourth Amendment violation do not require an evidentiary hearing because there are no issues of disputed facts and the legal basis cited by the Defendant is not applicable. Thus, there is no basis to argue that any statements the Defendant made were tainted by such a violation.

Moreover, volunteered statements are not barred by the Fifth Amendment. *See Miranda v. Arizona*, 384 U.S. 436, 478 (1966). The Government also indicates that it does not intend to introduce any statements that the Defendant volunteered to officers on August 2, 2013, except for impeachment purposes. *See Harris v. New York*, 401 U.S. 222, 226 (1971) ("The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.").

---

[2] In the other instance where the Defendant explains the merits of holding an evidentiary hearing pursuant to his Sixth Amendment challenge, the Defendant relies upon the *Winthrow* case. (*see* Def.'s Resp. in Supp. of fourth Mot. to Suppress ¶ 32.) However, this Court has held *Winthrow* is inapplicable. (*See* Feb. 23, 2017, Order 3–4).

7

For all of these reasons, the Court holds that an evidentiary hearing regarding the Fifth and Sixth Amendment issues raised by the Defendant is not necessary.

In the Defendant's Response in Support of his fourth Motion, the Defendant "moves the Court to enter an Order in Limine that all statements made by him before Miranda Warnings were given; and in response to Miranda Warnings regarding request for an attorney or his post-arrest silence, should be excluded." (Def.'s Resp. in Supp. of fourth Mot. to Suppress ¶¶ 30, 37.) Elsewhere, the Defendant requests a "preliminary ruling on Motion in Limine" on the Miranda issue. (*Id.* ¶ 39.) Because a motion in limine is a pretrial form of relief, the appropriate place to request relief in the form of a motion in limine is not in briefing on his fourth Motion to Suppress. If the Defendant seeks a motion in limine, the Court directs that defense counsel file a separate motion in limine, which the Court will consider along with all other outstanding pretrial motions.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's fourth Motion to Suppress Evidence and request for evidentiary hearing regarding the same [ECF No. 168].

The Court SETS the telephonic final pretrial conference for May 30, 2017, at 12:00 PM, and the jury trial is CONFIRMED to begin on Tuesday, June 6, 2017, at 9:00 AM before Judge Theresa L. Springmann.

SO ORDERED on May 24, 2017.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT